IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JABARI BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-031 |
| | ) | |
| CALVIN BURNS; DOUG MAYBIN; | ) | |
| RON BIVINS; and MOUNT VERNON | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff, detained at Treutlen County Jail ("TCJ") in Soperton, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.     SCREENING OF THE COMPLAINT**

**A.     Background**

Plaintiff names the following Defendants: (1) Calvin Burns, Chief of the Mount Vernon Police Department; (2) Doug Maybin, Sheriff of Montgomery County, Georgia; (3) Ron Bivins, Chief Deputy of Montgomery County Sheriff's Department; and (4) Mount Vernon Police Department ("MVPD"). (Doc. no. 8, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 29, 2018, an unnamed police officer from MVPD took Plaintiff into custody at Toombs County Jail, and Plaintiff was taken to the Sheriff's Office.  (Id. at 6.)  At the Sheriff's Office, Plaintiff was informed of a warrant issued against him for terroristic threats and that he would be housed on that warrant at TCJ.  Plaintiff has been held at TCJ ever since his arrest but has "not had a court appearance of any kind."  (Id.)  Chief Burns continuously brings charges against Plaintiff and is listed as the prosecutor on the majority of Plaintiff's warrants.  (Id.)

On January 24, 2019, Chief Deputy Bivins came to TCJ to swab Plaintiff's mouth and present him with charges for aggravated assault.  (Id.)  When Plaintiff asked about a first appearance, Chief Deputy Bivins said he had no information about why such appearance had not been held and Chief Burns would be bringing more charges against Plaintiff.  (Id. at 7.)  The MVPD "has placed numerous charges on" Plaintiff, so it is responsible for timely bringing Plaintiff before a magistrate judge, as is required by Georgia statute.  (Id.)  When Plaintiff filed a grievance at TCJ about meeting with his public defender and finding out when he would be appearing in court, a jail official, who is not a named defendant, told Plaintiff he needs to contact the Montgomery County Superior Court and/or his public defender for additional information.  (Id. at 12-13.)  Plaintiff requests punitive damages and that all charges against him be dropped because his due process rights have been violated by his continued detention without a court appearance.  (Id. at 8.)

B.      Discussion

1.      Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S.

3

89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Pleading Deficiencies in Plaintiff's Amended Complaint

Here, because of pleading deficiencies, the Court cannot determine whether Plaintiff has any viable claims. First, as to MVPD, according to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (1988) (quotation omitted). A police department is generally not considered a legal entity subject to suit under § 1983. See Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (*per curiam*) (collecting cases); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).

Second, as Plaintiff references multiple warrants and charges, as well as having a public defender assigned to him, the Court cannot address his due process claim without additional information about whether Plaintiff was arrested pursuant to a warrant, whether the subsequent charges he references were brought by indictment, and whether any criminal cases are currently pending against him. A violation of the Georgia statutory requirement for bringing a person arrested pursuant to a warrant before a judicial official within seventy-two hours is not a valid basis for a federal claim. See Stephenson v. Gaskins, 539 F.2d 1066, 1068 n.2 (5th Cir. 1976).

4

Moreover, Plaintiff fails to identify the law enforcement officer who arrested him, a fact critical to determining who is responsible for bringing (or failing to bring) Plaintiff before a judicial officer in a timely fashion. <u>See</u> O.C.G.A. §§ 17-4-26 and 17-4-62. Finally, to the extent Plaintiff, as a pre-trial detainee, seeks dismissal of charges and release from custody, a pre-trial petition for habeas corpus relief by a state prisoner is properly filed pursuant to 28 U.S.C. § 2241, not § 1983. <u>See</u> <u>Hutcherson v. Riley</u>, 468 F.3d 750, 754 (11th Cir. 2006) (concluding federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action); <u>Hughes v. Attorney Gen. of Fla.</u>, 377 F.3d 1258, 1261-62 (11th Cir. 2004).

## II.     LEAVE TO AMEND COMPLAINT

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his amended complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his first amended complaint to include all of his allegations in one document, within fourteen days of the date of this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. The statement of claim must not exceed six handwritten pages attached to the standard form. <u>See</u> <u>Goodison v. Washington Mut. Bank</u>, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); <u>see also</u> <u>London v. Georgia Dep't of Corr.</u>, CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file a second amended complaint (hereinafter "amended complaint") in accordance with the instructions in this Order.  The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint.  For example, Plaintiff should not simply state, "See attached documents."  Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.  The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.  Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint.  The Court reminds Plaintiff to include the information referenced above, including, *inter alia*, whether he was arrested pursuant to a warrant and whether he has been indicted during the time he has been detained at TCJ.  If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

SO ORDERED this 7th day of July, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7