IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JABARI BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-031 |
| | ) | |
| CALVIN BURNS; DOUG MAYBIN; | ) | |
| RON BIVINS; MOUNT VERNON | ) | |
| POLICE DEPARTMENT; and | ) | |
| MATHEW MALLORY, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Treutlen County Jail ("TCJ") in Soperton, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING AMENDED COMPLAINT**

   **A.     BACKGROUND**

Plaintiff names the following Defendants: (1) Calvin Burns, Chief of the Mount Vernon Police Department ("MVPD"); (2) Doug Maybin, Sheriff of Montgomery County, Georgia; (3) Ron Bivins, Chief Deputy of Montgomery County Sheriff's Department; and (4) Mathew

Mallory, officer. (Doc. no. 11, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On June 29, 2018, Defendant Mallory arrested Plaintiff at the Toombs County Jail based on an outstanding arrest warrant for terroristic threats and transported him to the Montgomery County Sheriff's Office, where Plaintiff was told he would be housed at TCJ. (Doc. no. 11, p. 7.) Although originally arrested pursuant to a warrant for terroristic threats, Montgomery County officials later charged Plaintiff with theft by taking, entering an automobile to commit theft, and aggravated assault. (Id.) Plaintiff has not been indicted on the Montgomery County charges, and he has not had a court appearance of any kind on those charges since his arrest two years ago. (Id.) Defendant Burns is listed as "the affiant and prosecutor on all [of Plaintiff's] warrants for Montgomery County," except for the aggravated assault warrant. Defendant Bivins is aware Plaintiff has been detained two years without a court appearance because he and an agent with the Georgia Bureau of Investigation took a mouth swab from Plaintiff on January 24, 2019. (Id. at 4, 8.) When Plaintiff asked Defendant Bivins about a court appearance, Defendant Bivins threatened to bring additional charge against Plaintiff. (Id. at 8.)

As Sheriff of Montgomery County, Defendant Maybin is responsible for properly training his deputies concerning criminal procedure and ensuring arrestees are timely presented to a magistrate judge. (Id. at 4.) Defendant Maybin has personal knowledge of Plaintiff's lengthy detention without appearing before a judicial officer. (Id.) When Plaintiff asks TCJ officials for information about a court date, they tell him they have no control over Montgomery County courts. (Id. at 12.) Plaintiff seeks punitive damages for violation of his due process rights. (Id. at 9.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain

3

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Brings Any Claims Against Mount Vernon Police Department

As the Court previously explained, (doc. no. 10, p. 6), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff originally named MVPD as a Defendant. (See doc. nos. 1, 8.) However, Plaintiff's amended complaint no longer names MVPD as a Defendant, and does not make any allegations associating the police department as an entity with a purported constitutional violation. (See generally doc. no. 11.) Dismissal is therefore appropriate. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); see also Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (*per curiam*) (collecting cases for proposition a police not generally considered legal entity subject to suit).

4

### 3. Plaintiff Fails to State a Claim Against Defendants Burns, Maybin, Bivins, or Mallory

Georgia statutes require a person arrested pursuant to a warrant to appear before a judicial officer within seventy-two hours. See O.C.G.A. § 17-4-26; accord Ga. Unif. Super. Ct. R. 26.1 ("Immediately following any arrest but not later than . . . 72 hours following an arrest with a warrant . . . the arresting officer or the law officer having custody of the accused shall present the accused in person before a magistrate or other judicial officer for a first appearance."). Although Plaintiff alleges he did not have a timely initial appearance according to Georgia law, his allegations fail to state a claim upon which relief may be granted under § 1983. That is, "[a] violation of Georgia's law requiring persons arrested with a warrant to be presented to a judge within seventy-two hours is not a violation of the U.S. Constitution or any other federal law." Williams v. Fulton Cty. Jail, No. 1:18-CV-4027-TWT-LTW, 2018 WL 4609985, at *1 (N.D. Ga. Sept. 6, 2018) (citation omitted), *adopted by* 2018 WL 4599823 (N.D. Ga. Sept. 25, 2018). As the court of appeals long ago explained, "even though [Georgia law] required that an officer arresting under a warrant bring the person arrested before a committing officer within 72 hours after arrest, failure to take an arrestee before a magistrate is not a federal constitutional issue." Stephenson v. Gaskins, 539 F.2d 1066, 1068 n.2 (5th Cir. 1976)[1]; see also Taylor v. Taylor, 649 F. App'x 737, 748 (11th Cir. 2016) (*per curiam*) (recognizing continued applicability of Stephenson to bar federal due process claim).

---

[1]The Eleventh Circuit adopted as binding precedent all opinions handed down by the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Even if the Court were to assume for the sake of argument that O.C.G.A. § 17-4-26 created a liberty interest protected by the Due Process Clause of the United States Constitution, Plaintiff still fails to state a claim because he has not alleged Georgia fails to provide an adequate remedy.  Cobble v. Cobb Cty. Police Dep't, No. 1:02-CV-2821-RWS, 2013 WL 6268213, at *5 (N.D. Ga. Dec. 3, 2013) (citing Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir. 2000)).  Georgia provides pre-trial detention may by challenged by a petition for a writ of habeas corpus.  See, e.g., Taylor v. Chitwood, 471 S.E.2d 511, 512 (Ga. 1996) (recognizing availability of pre-trial habeas corpus proceedings to challenge alleged failure to provide timely first appearance).  Plaintiff alleges only that he has submitted grievance requests to jail officials seeking information about a first appearance.  He does not allege he has attempted to seek, let alone been denied the opportunity, for state habeas corpus relief.

### 4. Plaintiff Also Fails to State a Claim Against Defendant Maybin Based on His Supervisory Position

Even if Plaintiff had an underlying due process claim, he also fails to state a claim for relief against Sheriff Maybin based on his supervisory position.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical

care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold Defendant Maybin liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Here, Plaintiff appears to name Sheriff Maybin as a Defendant not because of his direct involvement in the events about which he complains, but by virtue of his supervisory position in Montgomery County.  Plaintiff alleges Sheriff Maybin has a duty to properly train "his officials" concerning criminal procedure, and he asserts without explanation the Sheriff has "personal knowledge" of Plaintiff's continued detention without an appearance before a judicial official.  (Doc. no. 11, p. 4.)  Nowhere does Plaintiff allege Sheriff Maybin's personal involvement in his arrest, presentation of charges, or continued detention in TCJ.

Nor has Plaintiff alleged the requisite causal connection between Defendant Maybin and the asserted constitutional violation.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's

7

improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation.  Plaintiff has not alleged (1) a history of widespread abuse regarding timely appearance before a judicial officer after arrest, (2) an improper custom or policy put in place by Defendant Maybin regarding timely appearance before a judicial officer after arrest, or (3) an inference Defendant Maybin directed Montgomery County or jail employees to act, or knew they would act, unlawfully.  At best, Plaintiff has alleged - without any factual detail - that Defendant Maybin has personal knowledge of Plaintiff's lengthy detention without appearing before a judicial officer. (Doc. no. 11, p. 4.)  In sum, Plaintiff has not shown Defendant Maybin actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, for this additional reason, Plaintiff fails to state a claim upon which relief can be granted against Defendant Maybin.

### 5.     Any Potential State Law Claims Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

<u>Nolin v. Isbell</u>, 207 F.3d 1253, 1258 (11th Cir. 2000); <u>see also</u> <u>Republic of Panama v. BCCI Holdings (Luxembourg) S.A.</u>, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its

9

remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the allegations serving as the basis for original federal court jurisdiction fail to state a claim upon which relief may be granted and should be dismissed. Thus, the Court must conclude the federal courts do not retain jurisdiction over any potential state law claims, and any such claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.").

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and **CLOSED**. The Court also **REPORTS** and **RECOMMENDS** any potential state law claims be **DISMISSED WITHOUT PREJUDICE**.

SO REPORTED and RECOMMENDED this 6th day of August, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA